## MERRITT *vs.* CARPENTER & REYNOLDS.

In an action brought to recover the possession of real property, and damages for the unlawful withholding of the same, the defendant may be arrested and held to bail. Consequently, if the plaintiff fails in the action, and there is a judgment against him for the costs, he becomes himself the judgment debtor, and, by virtue of § 288 of the code, is liable to arrest and imprisonment upon an execution issued in satisfaction of the judgment.

MOTION, by the defendants, for a new trial, on exceptions taken at the circuit.

*J. W. Tompkins,* for the defendants.   I.  The complaint in the suit, in which the execution was issued, alleges that the defendant, on 31st August, 1851, entered into and upon said premises and every part thereof, and ever since continued, and now is, in possession thereof, in violation of the rights of the plaintiff, and unlawfully withheld possession of the lands from the plaintiff, and still withholds such possession, and demands judgment that the defendant be adjudged to surrender possession of the lands to the plaintiff, and also to pay the plaintiff $500 damages for said unlawful withholding of the same. These two causes of action were allowed to be united, by sub. 5 of § 167 of code, "Claims to recover real property, *with or without* damages for the withholding thereof, and the rents and profits of the same." These causes of action are in tort, for either of which, before the code, the plaintiff could have been imprisoned for the defendants' costs, on a judgment in his favor, and the code has not altered the law.   Section 179 of the code provides that the defendant may be arrested in five cases.   The first case is the one under which this execution issued.   "In an action for the recovery of damages &c. for *injuring or for wrongfully taking, detaining or converting property.*"   Then § 464 of the code provides, "The word *property,* as used in this act, *includes property real and personal.*"   Thus making the above quotation of sub. 1 of the 179th section of the code to read, "in an action for the recov-

ery of damages for injuring or for wrongfully taking or detaining or converting *real property.*" The words in the complaint in the suit in which execution issued, may not be the precise words of that subdivision, but they are equivalent and tantamount thereto, mean the same, and express the same cause of action for which the arrest therein provided is allowed. By § 288 of the code, where the defendant could be arrested under § 179, an execution against the person of the judgment debtor may be issued. (*Kloppenberg* v. *Neefus,* 4 *Sandf.* 655. *Corwin* v. *Freeland,* 6 *How. Pr. Rep.* 245.) The rights of the parties to imprison on execution are reciprocal. Therefore the execution was properly issued, and the judge's refusal to nonsuit and charge were erroneous. If a plaintiff unites tort and contract in the same action, and fails, the defendant can imprison the plaintiff for the costs. (*Miller* v. *Scherder,* 2 *Comst.* 268.)

II. In any event, the defendant Reynolds, as deputy sheriff, was protected by the execution in question, which was regular on its face, without showing any judgment; and the decision of the judge, that said judgment and executions did not authorize the *defendants,* or *either* of them, to arrest Sylvanus Merrit, was clearly erroneous, and the judgment appealed from should be reversed. (*McGuinty* v. *Herrick,* 5 *Wend.* 240. *Lewis* v. *Palmer,* 6 *id.* 367, 369. *Savacool* v. *Boughton,* 5 *id* 170. *Hutchinson* v. *Brand,* 5 *Seld.* 208.) Facts to authorize an arrest need not be stated in the execution. It justifies the sheriff without it.

III. The charge of the judge, on the above two points, to the jury, was therefore erroneous; and that part of his charge, in which he says "That the jury, in determining the damages to be awarded to the plaintiff, might take into account the payment by him to the defendants of the amount of that judgment and execution," was also erroneous. The judgment was paid by Merritt by the arrest and satisfaction. It was a just debt; he was bound to pay; and all the damages he could recover was for the loss of time and detention, about 1½ hours, under the execution.

Merritt *v.* Carpenter.

IV. The damages ($500) found by the jury were not warranted by the evidence. They were grossly vindictive and excessive, and evince in the jury gross ignorance or partiality. The defendants acted honestly and without malice, and vindictive damages are not in such cases to be allowed.

*S. E. Lyon*, for the plaintiff. I. There was no error in the refusal of the justice, upon the trial, to nonsuit the plaintiff. The judgment and executions in the ejectment suit were no justification to the defendants for arresting the plaintiff. (1.) An execution against the person of a plaintiff, for costs, cannot issue in an action to recover *the possession of real property*, and *for mesne profits*. Section 28 of the code provides: "If the action be one in which the defendant might have been arrested, as provided in sections 179 and 181, an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of an execution against his property unsatisfied in whole or in part." The first subdivision of section 179 (under which the right to arrest is claimed in this action) is as follows: "1. In an action *for the recovery of damages, on a cause of action not arising out of contract*, when the defendant is not a resident of the state, or is about to remove therefrom, or when the action is for an injury to person or character, or for injuring, *or for wrongfully taking, detaining or converting property*." This last clause has reference solely to the old action of trover, for taking, detaining or converting personal property. It does not even include actions to recover the *possession of personal property*, as is manifest from subdivisions three and four of the same section, which require, in such actions, proof of *fraud*, in the concealment or disposition of the property, before arrest may be made. An action to recover possession of real property is not an action for wrongfully *taking or converting property*, and the incidental demand of the rents and profits is based not upon the *retention of the property*, but the withholding the *possession*. Real property

is not susceptible of physical taking, conversion or deten-
tion. That the legislature did not design that an execution
against the person should issue in such a case, is further mani-
fest from the 289th section of the code, which prescribes the
form of the various kinds of execution, and provides for a dis-
tinct and peculiar execution for the delivery of the possession
of property and for rents and profits. In *Fullerton* v. *Fitz-
gerald*, (18 *Barb.* 441 ; 10 *How. Prac. Rep.* 37,) it was held
that "in an action to recover the possession of real estate, and
also the rents and profits thereof, the unsuccessful party can-
not be imprisoned." In that case, Justice Dean uses the fol-
lowing language, (p. 443:) "An action of ejectment is not
'an action for the recovery of damages' for any purpose. But
if it were, no lawyer will say that the legislature intended to
include it in an action for injuring, detaining or converting
property." (2.) The question is not presented upon this ap-
peal, how far the person executing the process (the defendant
Reynolds) was protected by it. No separate motion on his
behalf, for his discharge or otherwise, was made at the trial.
But if any such motion had been made, it must have been de-
nied. The execution was absolutely void and unauthorized
by law, and could furnish no protection to the officer. Even
if regular upon its face, he is chargeable with notice of its
real character and of the nature of the action in which it
issued. (3.) If the process was regular on its face, and the
officer would be otherwise protected, he is liable in this ac-
tion, if the jury believed, from the evidence, that he had exe-
cuted the process in an oppressive or wanton manner, or had
used it for the purpose of extorting from the fears of the plain-
tiff the payment of money ; and the plaintiff, upon the testi-
mony in the case, would have been entitled to go to the jury
upon that question, if the officer had asked to be discharged.
(*Savacool* v. *Boughton*, 5 *Wend.* 170, 181. *Griswold* v.
*Sedgwick*, 6 *Cowen*, 456. *Holley* v. *Mix*, 3 *Wend.* 350.)

II. The justice properly charged the jury, " that in deter-
mining the damages to be awarded by them to the plaintiff,

Merritt *v.* Carpenter.

they might take into account the payment by him to the defendants of the sum of $74.39, and that that payment was compelled by process illegally and wrongfully issued." The jury would have greatly erred if they omitted "*to take into account*" facts so prominent and significant, and which go so far to characterize the offense complained of. The greatest injury and annoyance to the plaintiff, upon the night of his sudden and wrongful arrest, arose from the persistent exaction of the immediate payment of the said sum of money, and he is entitled to relief, if at all, by the very fact that the process under which the defendant compelled such payment was "illegally and wrongfully issued."

The justice, in charging the jury, might, with propriety, have gone much further, and instructed them "that in awarding damages to the plaintiff, they might include the said sum of $74.39 thus illegally compelled to be paid." *The actual pecuniary loss* sustained by the plaintiff, in consequence of the wrongful act of the defendant, is, in all actions of tort, a primary element of damages. In certain actions of simple trespass, without malice, vexation or aggravation, the plaintiff is confined to such primary loss; but in actions of assault and battery and the like, damages *beyond* the mere actual loss in money are allowable in the discretion of the jury. It has never been questioned, however, that such loss of money, when a direct consequence of the wrong complained of, is a proper or necessary part of the damages, whether the jury choose to give any thing in addition or not. This item of damage is specially laid in the complaint in this action. (3 *Graham & Waterman on New Trials*, 1116, 1120, 1126, 1127. *Ford* v. *Monroe*, 20 *Wend.* 210. *Wort* v. *Jenkins*, 14 *John.* 352.)

*By the Court*, BROWN, J. This is an action for trespass and false imprisonment, tried at the Westchester circuit, where the jury rendered a verdict for $500 damages, in favor of the plaintiff. The defendant set up as a defense, in justification, an execution against the body of Sylvanus Merritt, the plain-

Merritt *v.* Carpenter.

tiff in this action, issued out of this court to the sheriff of the county of Westchester, upon a judgment for costs, rendered in another action, wherein Sylvanus Merritt was also the plaintiff and the defendant Isaac Carpenter was also defendant, brought to recover the possession of real property, and damages for the unlawful withholding the same. It appeared upon the trial that Reynolds, the other defendant, was duly authorized by the sheriff of the county of Westchester to execute the writ or process, by an indorsement thereon which created him a special deputy for that purpose. I propose to consider only whether Merritt, the plaintiff, was subject to arrest and imprisonment in satisfaction of the judgment recovered against him.

Until the passage of the act of the 26th April, 1831, "to abolish imprisonment for debt and to punish fraudulent debtors," a *capias ad faciendum,* upon which the judgment debtor might be arrested and imprisoned, was one of the usual and customary remedies to enforce the judgments of the courts, whether arising *ex contractu* or *ex delicto.* That act declared that "no person should be arrested or imprisoned on any civil process issuing out of any court of law, or on any execution issuing out of any court of equity, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract express or implied, or for the recovery of any damages for the non-performance of any contract." There were some contracts and some persons excepted from the provisions of the act, but the general rule was to abolish imprisonment in actions arising upon contract or upon judgments founded upon contract, and retain the remedy as to actions arising or judgments founded upon tort. So the law remained until the adoption of the code of procedure, in which the distinction to which I refer is still retained, with some modifications. Section 179 provides, amongst other cases, that the defendant may be arrested "in an action for the recovery of damages on a cause of action not arising out of contract, where the defendant is not a resident of the state or is about to remove therefrom

Merritt *v.* Carpenter.

—or where the action is for an injury to person or character—
or for injuring or for wrongfully taking, detaining or converting
property." The words "wrongfully taking, detaining or con-
verting property" must be construed to apply to personal
property exclusively, because the terms are not applicable to
real property, which cannot from its nature be taken, detained
or converted. But the words "for injuring property" must
have a more general and universal signification; applying to
real property and also to personal property when the latter
is injured and its value is impaired or destroyed, but is not
taken, detained or converted. This view is confirmed by
reference to section 464, which declares that "the word prop-
erty, as used in this act, includes property real and personal."
The code vainly essays to take away and abolish the distinction
between actions at law and suits in equity, and the forms of
actions and suits as they existed when it took effect. But
legal and equitable remedies, and the various forms of action,
are real and substantial things, and will not be abolished.
They still continue to exist, claiming daily, constantly and
perpetually, the notice and recognition of the judicial mind,
and without such notice and recognition, justice and truth—
the life and spirit of the judicial administration—would die
out and disappear. Remedies for the redress of particular in-
juries may be designated by new names, but they are still
substantially the same. Thus the remedy known to the code
as an action to recover real property or the possession thereof,
is the old action of ejectment, under another name; and
whether we call it by one name or the other, the thing itself
remains what it always was. So too the claim to recover dam-
ages for withholding real property mentioned in subdivision 5
of section 167, is the action or suggestion to recover the mesne
profits, known to the old law. The section (179) of the code
to which I have referred provides then, that for injuries to real
property a defendant may be arrested, and section 288 also
declares that "if the action be one in which the defendant
might have been arrested as provided in sections 179 and 181,

an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of an execution against his property unsatisfied in whole or in part." The action of trespass *quare clausum fregit* is plainly one in which the defendant may be arrested and held to bail, and in the event of a judgment against him, may also be taken in execution and imprisoned in satisfaction of the judgment. And for no other reason than because an unlawful entry upon the lands of another is an injury to real property, within the meaning of section 179. Now if it shall appear that the common law action of ejectment and the action to recover the mesne profits were substantially actions of trespass for unlawful entries upon real property, then I think it will be decisive of the principal question in controversy in this action.

The common law action of ejectment was in every sense an action of trespass, because it implied a wrongful entry and an eviction or ouster of the true owner. Mr. Blackstone (*Com. vol. 3, p.* 199) describes the action thus : " A writ of *ejectione firmœ,* or action of trespass and ejectment, lieth where the lands or tenements are let for a term of years, and afterwards the reversioner, remainderman or any stranger doth eject or oust the lessee of his term. In this case he shall have his writ of ejection to call the defendant to answer for entering on the lands so demised to the plaintiff for a term that is not yet expired and ejecting him. And by this writ the plaintiff shall recover back his term or the remainder of it with damages." And he adds, that upon the disuse of real actions, this mixed proceeding became the common method of trying the title to lands and tenements. This was effected, whatever the nature of the estate claimed might be, by means of fictitious parties and a consent rule in which the real defendant agreed to confess upon the trial, lease, entry and ouster, which left the title of the plaintiff the only subject in controversy. Mr. *Runnington,* in his treatise on the action of *ejectment,* (page 23,) says : " By the modern practice the defendant is obliged by rule of

court to confess lease, entry and ouster; yet that rule was only designed to expedite the trial of the plaintiff's right, and not to give him a right which he had not before. Hence it must appear that the plaintiff had actually the possession and was ousted thereof by the defendant; for the action of ejectment is an action of trespass in its nature, and is said to have been committed *vi et armis.*" The revised statutes, which took effect in 1850, made some changes in the mode of proceeding. They substituted the names of the real for the fictitious parties, and abolished the consent rule. And they also provided that instead of the action for mesne profits theretofore used, the plaintiff should, within one year, make and file a suggestion of such claim, upon which his right was to be determined. But they still required that an ouster, or its equivalent, should be proved upon the trial. Trespass is the proper remedy to recover damages for an illegal entry upon or injury to real property. (1 *Chitty's Plead.* 173.) Such an entry is deemed to be committed with force, actual or implied. The action to recover the mesne profits or damages for withholding the possession, was also an action for trespass. In order to complete the remedy when the possession has long been detained from him that had the right to it, an action of trespass also lies, after a recovery in ejectment, to recover the mesne profits which the tenant in possession has also received. In this case the judgment in ejectment is conclusive evidence against the defendant for all the profits which have accrued since the date of the demise stated in the former declaration of the plaintiff. (3 *Black. Com.* 206.) "The action for mesne profits certainly results from, or is rather consequent to, the recover in ejectment. It is an action of trespass *vi et armis,* brought by the lessor of the plaintiff in his own name, or in the name of the nominal lessee, against the tenant in possession, to recover the value of the profits unjustly received by the latter in consequence of the ouster complained of in the ejectment." (*Runnington on Eject.* 438.) Before entry and actual possession, a person cannot maintain trespass, though

he hath the freehold in law. A disseisee may have trespass against the disseisor for the disseisin itself, because he was then in the actual possession; but not for an injury after the disseisin, until he hath gained the possession by re-entry. And then he may support the action for the intermediate damage; for after the entry, the law, by a kind of *jus post-limini,* supposes the freehold to have all along continued in him. And after recovery in ejectment, the action may be supported for mesne profits, though anterior to the time of the demise in the declaration in ejectment, unless when a fine has been levied, in which case trespass cannot be supported for an injury committed anterior to the entry to avoid the fine. (1 *Chitty's Plead.* 177, *and the cases referred to in the notes.*) I refer to these authorities to show that an action to recover real property, or the possession of real property, with damages for withholding the possession, is in fact an action of trespass, because it assumes and proceeds upon the idea that the entry and the withholding is wrongful and unlawful, and an action of trespass is an action for an injury to real property. The code disdains to employ the terms trespass *quare clausum fregit,* trespass and ejectment or mesne profits, but substitutes in their place the words "claims to recover real property, with the damages for withholding thereof, and injuries to property."

Upon the trial of this action the defendants produced and read in evidence the record of the judgment in this court, upon which the execution against the body of the plaintiff was issued, and under which the defendants claimed to justify the arrest. The complaint, which discloses the real nature of the action, after stating that the plaintiff was lawfully seised of as owner in fee simple, and entitled to the possession of certain lands in the town of Rye, county of Westchester, proceeds to say, "that the defendant, on or about the 31st day of August, 1851, entered into and upon the said premises, and every part thereof, and ever since has continued, and now is, in possession thereof, and every part and portion thereof, in violation of the rights of this plaintiff, and unlawfully with-

Merritt *v.* Carpenter.

holds the possession" &c. ; and concludes by demanding judgment, that the defendant "surrender the possession of the premises, described as aforesaid, to the plaintiff, and pay to the plaintiff damages for the said unlawful withholding of the same, to the sum of $500, besides the costs of the action." The answer denied the title of the plaintiff and set up title in the defendant. It also denied that the plaintiff was entitled to the possession, or that the defendant entered into the possession in violation of the plaintiff's rights, or that he unlawfully withheld the possession. from the plaintiff. This was the issue which the record showed had been tried, and judgment rendered in favor of the defendant. To enter into and upon lands and real property of which another person is the true owner in fee simple, and entitled to the possession, in violation of the rights of such owner, and to withhold from him, unlawfully, the possession of such lands and real property, would have been an injury which, under the old law, must have been redressed by the action of trespass *quare clausum fregit*, or of trespass and ejectment, with an action or a suggestion for the mesne profits, in the event of a recovery in the latter action. It could have been redressed and the owner could have been compensated for the injury, or restored to his rights in no other way. It would then have been regarded, and still must be deemed, an injury to property—an injury to real property. If injuries of this character are not included within the terms "injury to property," for which the defendant may be arrested and finally imprisoned, in satisfaction of the judgment, according to the sections 179 and 288 of the code, we have no means of determining what other meaning shall be attached to the expression ; for a wrongful entry upon lands, and an unlawful withholding the possession of lands from the true owner, in violation of his legal rights, are amongst the most ordinary and usual injuries done to real property.

I am, for these reasons, well persuaded that in the action brought by the present plaintiff Sylvanus Merritt, against the

defendant Isaac Carpenter, to recover possession of the lands in Rye, Westchester county, the record of which was produced upon the trial of this action, the defendant Carpenter could have been arrested and held to bail. Consequently when the plaintiff in that action failed, and there was a judgment against him for the costs, he became himself the judgment debtor; and, by virtue of section 288, became liable to arrest and imprisonment, upon an execution issued in satisfaction of the judgment. The learned justice who tried this action thought otherwise, however, and directed the jury to find a verdict for the plaintiff, because he was wrongfully arrested upon the execution. To this part of the charge the defendant's counsel excepted, and I think the exception well taken.

There should be a new trial, with costs to abide the event.

[ORANGE GENERAL TERM, September 12, 1859. *Lott, Emott* and *Brown,* Justices.]