## BRUSH *a.* MULLEN.

*Supreme Court, First District; Special Term, March,* 1861.

ARREST. .

A complaint showing a cause of action for the recovery of possession of real property, but claiming no damages for the withholding, is not sufficient to authorize an order of arrest, especially where no injury to the premises is shown.

*It seems,* that subdivision 1 of section 179 of the Code, so far as it mentions taking, detaining, or converting property, refers to personal property only.

Motion to vacate order of arrest.

LEONARD, J.—The order of arrest herein must be vacated. The complaint is on a claim of title by plaintiffs to land, and alleges that defendant ejected them, and detains possession.

The case of Merritt *a.* Carpenter (30 *Barb.*, 61) is relied on by the plaintiffs to sustain the arrest.

It appears to me to prove the contrary. It shows that the final clause of the first subdivision of section 179 of the Code, so far as it mentions taking, detaining, or converting property, refers to personal property only. That the mention of injuring property, refers both to real and personal property.

The complaint in that case contained a claim for damages for withholding the premises. The opinion says the claim for mesne profits, or damages for withholding the land, is a trespass, and trespass in such case is an injury to property, and therefore under sec. 179, subdivision 1, the defendant is there subject to an arrest.

No such case is made by the complaint in this action.

There can be no recovery for an injury to real property.

Nothing is said in the affidavit upon which the order of arrest was made of any injury to the premises.