## SYLVANUS MERRITT

*v.*

## ISAAC CARPENTER and SMITH REYNOLDS.

An action to obtain possession of real estate and damages for withholding such possession, is not an action "for injury or for wrongfully taking, detaining, or converting property," under the 119th section of the Code of Procedure.

Where, in such action, the plaintiff fails, and judgment is entered against him for costs, he is not liable to arrest on an execution issued thereon.

### Appeal from General Term.

HUNT, J.    Sylvanus Merritt brought an action in the Supreme Court against Isaac Carpenter to recover the possession of certain real property and damages for withholding the same. He failed in his action, and a judgment was recovered against him in favor of Carpenter, for the costs of the action, amounting to seventy-four dollars thirty-nine cents ($74.39). An execution against the property of Merritt was issued upon this judgment, was

returned unsatisfied, and an execution was then issued against his person, upon which he was arrested by the defendant Reynolds acting as a deputy sheriff. After a short detention in the custody of the officer, he paid the amount of the execution and was discharged from arrest. Merritt alleges that by law an execution could not lawfully issue against his person under such circumstances, and brings his action to recover damages for what he alleges to have been an unlawful imprisonment. At the circuit, the judge held the execution to have been unauthorized and illegal, and a verdict was had in favor of the plaintiff. The General Term reversed this decision, holding that the party was liable to an execution against his person in such a case. The plaintiff now appeals to this court. A single question is, therefore, presented, whether upon a failure of the plaintiff to recover, in an action to obtain possession of real estate and damages for withholding such possession, an execution may issue against the body of such failing plaintiff.

Prior to the act "to abolish imprisonment for debt and to punish fraudulent debtors," passed April 26, 1831, *a capias ad satisfaciendum* could issue, to enforce all judgments, whether upon contract or for tort. By that act it was provided that no person should be arrested on any civil process or on any execution issued upon any judgment or decree, founded upon contract or where the recovery was upon any contract, express or implied, or for the recovery of damages for the non-performance of any contract. This statute produced an entire revolution in the practice and proceedings in actions at law, and divided all actions into two great classes, those founded upon contract, in which the judgment debtor could not be imprisoned, and those founded upon tort, in which the right of imprisonment was still retained.

This distinction, and in this precise form, continued to exist until the adoption of the Code in 1848. The distinction was broad and palpable, and it is quite possible that

the impression produced by its long continuance, may have left its effects upon the minds of lawyers and judges, in giving tone and color to their construction of the provisions of the Code, upon the same subject.

The 288th section of the Code provides, that if the action be one in which the defendant might have been arrested, as provided in section 179, an execution against the person of the judgment debtor may be issued, after the return of an execution against his property, unsatisfied in whole or in part. Detailed provisions are made in this and the following sections, respecting such executions, not important to be here mentioned.

Upon turning to section 179, we find that a defendant may be arrested in the following cases : 1. In an action for the recovery of damages on a cause of action, not arising out of contract, where the defendant is not a resident of the State, or is about to remove therefrom, or where the action is for an injury to person or character, *or for injury, or for wrongfully taking, detaining or converting property.* The last two lines, which I have underscored, contain the portion of the section on which the right now claimed is founded. Section 464 is cited in connection with this provision, defining " the word property, as used in this act, to include property, real and personal."

An action of ejectment, as such, no longer exists under the Code. The party claiming the right to the possession of land, now brings his action, averring that he is entitled to such possession, and that the defendant unlawfully withholds such possession from him. He asks that the defendant may be adjudged to deliver to him the possession claimed, with damages for withholding such possession, if he conceives himself to be entitled to damages.

It is said that an action of ejectment was originally based upon the idea of a trespass, an *ejectione primæ,* and it was alleged in the pleadings to have been committed *vi et armis.* This may be conceded without

advancing the argument on the one side, or retarding it on the other. This action no longer specifically remains; but a new system is provided, based on different modes of proceedings and defined by its own peculiar language. It is in that language taken in connection with the other facts of the same system, that we are to find our clew to extricate us from the present embarrassment.

Can an action to recover the possession of real property with damages for withholding such possession fairly be deemed an action for injuring such property? I think not, either in the nature of the question itself, or upon a comparison with other portions of the Code. Upon the trial the question of injury or benefit to the property cannot arise. If the defendant shall have covered it with the most extensive improvements, if the plaintiff establishes his title, he will be none the less entitled to recover; while a depreciation of value, neglect or miscultivation of the property can have no possible bearing upon the question of ownership. If A. enters upon the premises of B., destroying his trees or buildings, or digging his turf, A. is liable to the action of B. for the injury, and it is a question of actual injury and damage. To that point the jury address themselves. Not so, however, unless the plaintiff seeks, as did Merritt in the original suit here, to get the possession of the property itself, and the title to the property is the question upon trial. Evidence of injury to the property could not be admitted on the trial. So, also, on the question of damages for withholding the possession, it would not have been necessary for Merritt to have shown that Carpenter had, to the slightest extent, injured or damaged the property in question. The damage claimed was to Merritt himself, and not to the property. If the annual value of the property was one thousand dollars, that sum was the damages or loss sustained by Merritt.

The property itself may be improving under the wrong-holder's culture, he may be much better qualified than the

true owner to carry it on successfully, but this will not affect the question of the damage sustained by the owner. He is entitled to the use and possession of his own property, and if the defendant withholds it from him, the law awards that he must pay to the owner his just damages, to be ascertained simply by the value of such possession. In my opinion, the action of Merritt against Carpenter cannot, within the meaning of section 179, be deemed an action for injury to the property claimed by him. Various sections of the Code appear to confirm this idea of a clear difference between an action for injuring property and an action for its recovery. Thus justices of the peace have jurisdiction by section 53, in an action to recover damages "for injury to real and personal property," while it is found by the next section, that "no justice of the peace shall have cognizance of a civil action, where the title to real property shall come in question," &c.

So, by section 78, an action for the recovery of the possession of real estate, may be brought within twenty years after the party shall have made his wrongful entry into the possession of the premises; while, by section 91, an "action for trespass upon real property" must be brought within six years after the commission of the act complained of. The first is an action involving the question of ownership of the land, the latter a question of injury alone.

The detention is further recognized in sections 122, 123, 167, but it is not worth while to multiply quotations from the statute.

The following words, "taking" and "consisting," would neither of them be appropriate in speaking of real property. One may readily be understood when he says, that an action may be sustained for taking personal property, or for converting it, or for taking and converting it, but the words would convey no legal idea when applied to real estate. There is a broad sense in which the word "detaining" might be applied to real estate, of which the

expression, forcible entry and detainer, is an illustration. Such was not, I apprehend, the meaning of the Code files in its present connection. The expressions, injuring, taking, detaining and converting, are all used in the same sentence, and apparently as applying to the same subject-matter. Three of these kinds, I have endeavored to show, are not applicable to real property, and if the fourth was so intended, the use of the language was singularly unfortunate. I think the words were all intended to be applied to personal property only, and that they do not affect the present question, where the action was to recover real estate, and the *mesne profits* during the time of its detention.

The Code does not, in my opinion, authorize the arrest of a defendant, in an action brought against him, to recover the possession of real property, and that the plaintiff claims damages for withholding it, does not alter the case. A party plaintiff, failing in such action, is not, therefore, liable to an execution against his person for the costs of such action.

The judgment of the General Term should be reversed, and that of the Special Term affirmed with costs.

Peckham and Smith, JJ., for affirmance. Morgan, J., not voting.

Judgment reversed.