SYLVANUS MERRITT *v.* ISAAC CARPENTER and SMITH REYNOLDS.

An action under the Code, to recover possession of real property and damages
for the unlawful detention of the same, is not an action for injuring or for
wrongfully taking, detaining or converting property within the meaning of
section one hundred and seventy-nine.

Where, in an action for recovering possession of real property, and damages for
the unlawful detaining of the same, the plaintiff is defeated and judgment is
entered against him, an execution against the body of the judgment debtor
cannot be issued upon such judgment.

*Samuel E. Lyon,* for the appellant.

*Amasa J. Parker,* for the respondents.

HUNT, J.    Sylvanus Merritt brought an action in the
Supreme Court against Isaac Carpenter to recover the
possession of certain real property, and damages for with-
holding the same.    He failed in his action, and a judg-
ment was recovered against him in favor of Carpenter, for
the costs of the action, amounting to $74.39.    An execu-
tion against the property of Merritt was issued upon this
judgment, was returned unsatisfied, and an execution
then issued against his person, upon which he was
arrested by the defendant Reynolds, acting as a deputy
sheriff.    After a short detention in the custody of the officer,
he paid the amount of the execution and was discharged
from arrest.    Merritt alleges that, by law, an execution
could not lawfully issue against his person under such
circumstances, and brings this action to recover damages
for what he alleges to have been an unlawful imprison-
ment.    At the circuit the judge held the execution to be
unauthorized and illegal, and a verdict was had in favor of
the plaintiff.    The General Term reversed this decision, hold-
ing that the plaintiff was liable to an execution against his
person in such case.    The plaintiff now appeals to this court.
A single question is therefore presented, whether upon a
failure by the plaintiff to recover, in an action to obtain pos-

session of real estate and damages for withholding such possession, an execution may issue against the body of such plaintiff.

Prior to the act " to abolish imprisonment for debt and to punish fraudulent debtors," passed April 26, 1831, *a capias ad satisfaciendum* could be issued, to enforce all judgments, whether upon contract or for tort. By that act it was provided that no person should be arrested on any civil process or on any execution, issued upon any judgment or decree, founded upon contract or where the recovery was upon any contract express or implied or for the recovery of damages for the non-performance of any contract. This statute produced an entire revolution in the practice and proceedings in actions at law, and divided all actions into two great classes ; those founded upon contract, in which the judgment debtor could not be imprisoned, and those founded upon tort, in which the right of imprisonment was still retained. This distinction, and in this precise form, continued to exist until the adoption of the Code in 1848. The distinction was broad and palpable, and it is quite possible that the impression produced by its long continuance may have left its effects upon the minds of lawyers and judges, in giving tone and color to their construction of the provisions of the Code, upon the same subject.

The 288th section of the Code provides, that if the action be one in which the defendant might have been arrested as provided in section 179, an execution against the person of the judgment debtor may be issued, after the return of an execution against his property, unsatisfied in whole or in part. Detailed provisions are made in this and the following sections, respecting such execution, not important here to be noticed. Upon turning to section 179, we find that a defendant may be arrested in the following cases : 1. In an action for the recovery of damages on a cause of action not arising out of contract where the defendant is not a resident of the State, or is about to remove therefrom, or where the action is for an injury to person or character, *or for injuring or for wrongfully taking, detaining or converting property.* The last two

lines, which I have underscored, contain the portion of the section on which the right now claimed is founded. Section 464 is cited in connection with this provision, defining "the word property, as used in this act, to include property real and personal."

An action of ejectment, as such, no longer exists under the Code. The party claiming the right to the possession of land now brings his action, averring that he is entitled to such possession, and that the defendant unlawfully withholds such possession from him. He asks that the defendant may be adjudged to deliver to him the possession claimed, with damages for withholding such possession, if he conceives himself to be entitled to damages.

It is said that an action of ejectment was originally based upon the idea of a trespass, an *ejectione firmæ*, and it was alleged in the pleadings to have been committed *vi et armis*. This may be conceded, without advancing the argument on the one side or retarding it on the other. This action no longer specifically remains; but a new system is provided, based on different modes of proceeding, and defined by its own peculiar language. It is in that language, taken in connection with the other parts of the same system, that we are to find our clew to extricate us from the present embarrassment.

Can an action to recover the possession of real property, with damages for withholding such possession, fairly be deemed an action for injuring such property? I think not, either in the nature of the question itself, or upon a comparison with other portions of the Code. Upon the trial, the question of injury or benefit to the property cannot arise. If the defendant shall have covered it with the most expensive improvements, if the plaintiff establishes his title, he will be none the less entitled to recover; while a depreciation of value, neglect or miscultivation of the property, can have no possible bearing upon the question of ownership. If A. enter upon the premises of B., destroying his trees or buildings, or digging his turf, A. is liable to the action of B. for the injury, and it is a question of actual injury

and damage.　To that point the jury address themselves. Not so, however, when the plaintiff seeks, as did Merritt in the original suit here, to get the possession of the property itself; and the title to the property is the question upon trial. Evidence of injury to the property could not be admitted on the trial. So also on the question of damages for withholding the possession, it would not have been necessary for Merritt to have shown that Carpenter had, to the slightest extent, injured or damaged the property in question. The damage claimed was to Merritt himself, and not to the property. If the annual value of the property was $1,000, that sum was the damage or loss sustained by Merritt. The property itself may be improving under the wrong-holder's culture ; he may be much better qualified than the true owner to carry it on successfully, but this will not affect the question of the damage sustained by the owner. He is entitled to the use and possession of his own property, and if the defendant withholds it from him, the law awards that he must pay to the owner his just damages, to be ascertained simply by the value of such possession. In my opinion, the action of Merritt against Carpenter cannot, within the meaning of section 179, be deemed an action for injury to the property claimed by him.

Various sections of the Code appear to confirm this idea, of a clear difference between an action for injuring property, and an action for its recovery.

Thus, justices of the peace have jurisdiction, by section 53, in an action to recover damages "for injury to real or personal property ;" while it is provided by the next section, that " no justice of the peace shall have cognizance of a civil action, where the title to real property shall come in question," &c.

So, by section 78, an action for the recovery of the possession of real estate may be brought within twenty years after the party shall have made his wrongful entry into the possession of the premises; while by section 91, an " action for trespass upon real property " must be brought within six years after the commission of the act complained of. The

first is an action involving the question of ownership of the land, the latter a question of injury alone.

The distinction is further recognized in sections 122, 123, 167, but it is not worth while to multiply quotations from the statute.

The following words, " taking " and " converting," would neither of them be appropriate in speaking of real property. One may be readily understood when he says that an action may be sustained for taking personal property, or for converting it, or for taking and converting it, but the words would convey no legal idea when applied to real estate. There is a broad sense in which the word " detaining " might be applied to real estate, of which the expression forcible entry and detainer is an illustration. Such was not, I apprehend, the meaning of the codifiers in its present connection. The expressions, injuring, taking, detaining and converting, are well used in the same sentence, and apparently as applying to the same subject-matter. Three of these words I have endeavored to show are not applicable to real property, and if the fourth was so intended, the use of the language was singularly unfortunate. I think the words were all intended to be applied to personal property only, and that they do not affect the present question, where the action was to secure real estate, and the *mesne profits* during the time of its detention.

The Code does not, in my opinion, authorize the arrest of a defendant, in an action brought against him to recover the possession of real property, and that the plaintiff claims damages for withholding it, does not alter the case. A party plaintiff failing in such action is not, therefore, liable to an execution against his person for the costs of such action.

The judgment of the General Term should be reversed, and the judgment of the Special Term affirmed, with costs.

Concurring, DAVIES, Ch. J., PORTER, WRIGHT and LEON-ARD, JJ.

PECKHAM, J. (dissenting). The only question in this case is whether an execution against the person of the plaintiff

could be legally issued in the former action. There is no doubt; in fact, it is conceded that such an execution could lawfully issue at common law and under the statutes existing at the time of the enactment of the Code. The only question then is, has the Code changed the law in this respect? To work such a change, it is well settled that the act should be clear—its purpose to make the change should be plain—equivocal language is not sufficient.

The Code declares that a party may be arrested " in an action for the recovery of damages on a cause of action not arising out of contract, * * * where the action is for an injury to person or property, or for injuring, or for wrongfully taking, detaining or converting property." (§ 179, sub. 7.)

It is insisted, on the part of the plaintiff, that the former action was not for " an injury " or " for injuring " property, and I agree that ejectment is very plainly not for injuring the land, but it is for the recovery of its possession.

·The counsel for the plaintiff, by numerous citations, has shown that the legislature did not use the language in that sense, if it could be ever so interpreted. Justices of the peace have jurisdiction of " an action for damages for an injury to rights pertaining to the person or to the personal or real property, if the damages claimed do not exceed $200. (Code, § 53, of 1849.) But ejectment cannot be brought in a justice's court.

So, as to the place of trial, the Code enacts that certain actions shall be tried where the subject thereof is situated, &c., as actions " for the recovery of real property or of one's estate or interest therein, * * * * * and for injuries to real property." (§ 123, Code of 1859.)

This provision recognized a plain difference in the actions —one being to recover the estate—the other to obtain damages for an injury to the premises.

But, was not the former action an action for damages " for taking, detaining or converting property ? "

It is urged by the plaintiff's counsel that the words taking, detaining and converting, apply exclusively to personal property. I differ with him in this case for several reasons, to

my mind, of a controlling character. The legislature has declared that, where the word "property" is used in the Code, it includes "property real and personal." (§ 464.) In numerous provisions of the Code where the codifiers meant personal property only, they have said so. Pursuant to their express declaration as to what they mean when they say "property," I think we may safely say that the legislature here intended by that word both real and personal property.

Thus interpreted, the clause reads, an action for damages "for injuring or for wrongfully taking, detaining or converting real or personal property." Here is at least one word, detaining, and perhaps two applicable, as well to real as to personal property. Forcible entry and detainer is familiar legal language, as applicable to real property.

The complaint in the first suit properly, and in legal form, complained of the unlawful withholding of the premises from the plaintiff. Detaining and withholding are substantially synonymous terms as applied to real estate. Blackstone very commonly uses the word detain in that sense as meaning the detention or withholding of land. He says, " if I detain a field from another, this is a civil injury, and not criminal." So Bouvier says, " if a tenant detain with force, he will be guilty of (4 Bl., 5) forcible detainer." (1 Bouv. Law Dict., 415). So a person may be found guilty of forcible detainer only. (4 J. R., 198.) These words are used disjunctively, and if either can be properly applied to real estate, it must by the express provision of the Code be so applied, as "property" is declared to include both real and personal. By what capricious rule of construction should it be limited to one or to the other, when it may be properly applied to both? Can it be said that the purpose to change the law is clear by such language? It seems quite otherwise to me. Suppose the clause had read simply "for wrongfully detaining property." I think no one could deny that the language — especially under the definition in the Code of what "property" includes—included real property, yet the language is disjunctive, and is precisely as strong as if " detain" alone were used.

Again, what possible reason for such a change can be found, or suggested? Why any distinction between wrongs as to real and as to personal property, in actions for damages for wrongfully detaining personal property, a party is liable to be held to bail, as it is conceded. Is not the wrong just as great and reprehensible as to real property? Have the codifiers anywhere intimated an intention to make a distinction between the two wrongs? I have not been able to find such an intimation.

It was said on the argument that ejectment is frequently brought to try a fair question of title.

True, the same may be said as to personal property alleged to have been wrongfully taken, detained or converted. The result determines whether it was wrongful. Is there any difference in the wrong of detaining your house or your horse after the hiring has expired? It seems quite clear that there is no reason whatever for the change alleged to have been made.

General language is used in the Code to embrace great varieties of cases. The language should be so construed as, if possible, to effectuate the general intention. In this spirit it has been very properly held that in an action for criminal conversation a party may be held to bail on the ground that it is " an injury to the person" of the husband. As also the court would not presume a change in the law when there was no reason for a change, and when the language used did not necessarily imply a change. No intent to abolish that remedy any more than this, could be found in the Code, nor any reason for the change. Hence the right to imprison was held not to have been abolished.

The judgment of the General Term should be affirmed and judgment absolute rendered for the defendants.

Judgment reversed.