## ELY *vs.* MUMFORD and CONNER.

In an action merely to recover damages for a deceit, it is not necessary to rescind the contract. If it has been performed, in whole or in part, the recovery will not be for the property obtained in pursuance of it, but for the loss which the party injured has sustained by the deceit, after allowing the actual value of what he has received.

In an action for deceit, where the ground of recovery is the fraud, if the plaintiff swears to a good cause of action, he is entitled to an order of arrest; and the merits of such cause of action can not be tried on affidavits, on a motion to vacate the order of arrest.

APPEAL by the plaintiff from an order made at a special term, vacating an order of arrest, as to the defendant Mumford. The affidavit of the plaintiff, upon which (with others) the order of arrest was granted, stated that he had a cause of action against the defendants, to recover the sum of $10,000, fraudulently obtained from him ; and that the grounds of the plaintiff's claim were as follows :   That on or about the 12th or 13th of November, 1865, the plaintiff met the defendant Conner, who was, and still is, co-partner with the defendant Mumford, in the business of shipping merchants, under the firm name of Conner & Mumford, when Conner told the plaintiff that the firm was doing a good business, and that they needed another person to assist them, as clerk ; that they had hired a clerk at a salary of $2500, to perform his (Conner's) duties when he was out of town, and that they would like to have the plaintiff take such place as clerk, and loan to said firm the sum of $15,000 for a year, and then to be taken into the firm as a partner.   That as an inducement for the plaintiff to accede to the said request, Conner told him that the firm was worth, in cash, $51,000 above liabilities, and referred him to a balance sheet of their business, which they had furnished to other persons, showing the defendants to be worth, on the 9th of May, 1865, $39,000, since which date Conner stated that they had made $12,000.   That this balance was afterwards shown to the plaintiff, and agreed with Conner's statement.   That Conner

told the plaintiff they wanted his money loaned to the firm to increase their business, and did not need it for any other purpose. The plaintiff alleged that, relying on the truth of these statements of Conner, he, on or about the 16th of November, 1865, engaged to serve the defendants as clerk, for one year, at a salary of $2000, and at the same time loaned to them $10,000 for one year, for which they gave the plaintiff the notes of the firm. That he found the affairs of the firm greatly embarrassed, and instead of their having a capital of $51,000, they owed an amount equal to, or exceeding, the whole of their assets, which, he ascertained from an examination of their books, never amounted to one half of the sum of $51,000 ; and that instead of said firm doing a good business, they appeared to be doing scarcely any, except in the borrowing of money for the payment of pressing debts. That instead of said firm using the $10,000 loaned by the plaintiff for increasing their business, by filling new orders, the whole of it was paid out within ten days, for pre-existing debts. The plaintiff also testified to admissions made by the defendant Mumford, as to the falsity of the balance sheet and of Conner's representations. That the plaintiff, on ascertaining the true condition of the finances and business of the defendants' firm, demanded that his money should be repaid to him ; and that Mumford had repeatedly promised that it should be repaid. That the plaintiff made such loan wholly upon the representations of the defendants as to their business and capital, which representations were false, and must have been known to them to be false, at the time the loan was made. Other affidavits were produced by the plaintiff, tending to confirm the statements made in his own.

On the motion to vacate the order of arrest, the defendant, Mumford, read affidavits denying most of the facts stated in the affidavits on the part of the plaintiff, and alleging that if any false representations were made, they were made by Conner, and not by himself.

Ely *v.* Mumford.

*R. H. Underhill*, for the appellant. I. This is an action for deceit, and the order of arrest being grounded on the nature of the cause of action, the existence • of which is shown by the plaintiff's affidavits, the defendants should not be. discharged from arrest merely because they deny the truth of the plaintiff's averment. (*Cousland* v. *Davis*, 4 *Bosw.* 619. *Solomon* v. *Waas*, 2 *Hilt.* 179.) On application to vacate the order of arrest in such an action, the question is, whether the court would, if called upon to act upon the application with the knowledge of all the facts, grant the order. (*Chapin* v. *Seeley*, 13 *How.* 490. *Union Bank* v. *Mott*, 6 *Abb.* 315, 319, *note.*) And the defendant should not be discharged unless he makes out such a case as would call on the judge at the trial to dismiss the complaint. (*Levins* v. *Noble*, 15 *Abb.* 475, *Barnard, J. Barret* v. *Gracie*, 34 *Barb.* 20.)

II. The representations of the defendants to the plaintiff, that they were worth the sum of $51,000, being admitted by the defendants, and it being admitted that they are now insolvent, and no facts being given by them to show how this large sum was lost, a strong presumption arises that no such capital existed, and that said representations were false. And the order of arrest should not be discharged until the defendants show definitely how their capital was disposed of. (*Wilmerding* v. *Mooney*, 11 *Abb.* 283. 16 *How.* 534.)

III. Where one partner is guilty of fraud, his co-partner is liable to arrest if the property fraudulently obtained has been used for the purposes of the firm. (*Hawkins* v. *Appleby*, 2 *Sandf.* 421. *Townsend* v. *Bogart*, 11 *Abb.* 355. *Coman* v. *Allen*, 21 *How.* 114.)

IV. If the court should assume, as did the defendants' counsel on the argument of the motion, that it was necessary for the plaintiff to rescind the contract made with the defendants when he discovered the fraud, the affidavits show that this was done. It was not necessary that the plaintiff should return the notes of the defendants, or the interest, if any had been paid to him. It is sufficient to return the for-

Ely *v.* Mumford.

mer and deduct the amount of the latter at the trial. (*Ladd*
v. *Moore,* 3 *Sandf.* 589. *Hawkins* v. *Appleby,* 2 *id.* 421.
*Hathorne* v. *Hodges,* 28 *N. Y. Rep.* 486.)

V. But the doctrine of rescission of contracts does not
apply to this case, it being for deceit, and not in the nature
of assumpsit, or trover ; and in actions for deceit the party
defrauded may affirm the contract, and retain all the benefit
he has derived from it, and maintain an action for the dam-
ages he has sustained beyond the consideration received.
(*Allaire* v. *Whitney,* 1 *Hill,* 484. *Whitney* v. *Allaire,* 4
*Denio,* 554. 1 *N. Y. Rep.* 305.)

*J. T. Williams,* for the respondent.

*By the Court,* INGRAHAM, J. There are two classes of
cases in which the right to recover depends on proof of fraud
in making the contract ; one in which the plaintiff seeks to
rescind the contract and recover back money paid or goods
delivered in performance of it, and the other where the plain-
tiff merely seeks to recover damages for a fraud practiced on
him.

In the first case the plaintiff, in order to recover back the
money paid, or the goods delivered, must place the parties in
the same condition they were in before the contract was
made, by restoring or offering to restore any thing received by
him on account of it. (*Baker* v. *Robbins,* 2 *Denio,* 136.
3 *E. D. Smith,* 199. 14 *Barb.* 594. 10 *N. Y. Rep.* 294.)
In the other case the plaintiff may recover for the deceit or
fraud, and still leave the contract in force where his claim is
only for damages for the deceit, and he does not ask to
receive back property delivered under the contract, or when
from the nature of the contract, and part performance under
it, the parties can not be restored to their original condition.
Such is the rule in equity, as to contracts for land. (*Bradley*
v. *Bosley,* 1 *Barb. Ch.* 125.) And so in actions at law,
(*Culver* v. *Avery,* 7 *Wend.* 380,) and where property has

been sold under fraudulent representations. (*Nickley* v. *Thomas*, 22 *Barb.* 652.) In such cases the plaintiff can recover for the deceit, without restoring the property. The actual value of the property would be allowed in estimating the damages. (*Allaire* v. *Whitney*, 1 *Comst.* 305.) In an action merely to recover damages for the deceit, it is not necessary to rescind the contract. If it has been performed, in whole or in part, the recovery would not be for the property obtained in pursuance of it, but for the loss which the party injured has sustained by the deceit, after allowing the actual value of what he has received.

Besides this, in an action for deceit, where the ground of recovery is the fraud, if the plaintiff swears to a good cause of action, he is entitled to an order for arrest ; and the merits of such cause of action can not be tried on affidavits, on a motion to vacate the order of arrest.

The grounds on which the order of arrest was vacated, in this case, were mere matters of defense in the action, and were not such as should be sufficient to vacate the order of arrest. In *Van Epps* v. *Harrison*, (5 *Hill*, 63,) Bronson J. says : " In contracts of sale which have been fully executed on the part of the vendor by delivery or conveyance of the thing sold, no fraud on his part in making the contract can operate as a bar to an action for the price, unless the vendee has returned the property, on the discovery of the fraud. When sued for the price, the vendee may, in general, recoup damages ; but while he retains the property, he can not treat the contract as wholly void, and refuse to pay any thing. By retaining the property, he affirms the validity of the contract, and can be entitled to nothing more than the damages which he has sustained by reason of the fraud."

In *Sweetman* v. *Prine*, (26 *N. Y. Rep.* 224,) Marvin, J. says : " This rule (that the purchaser may rescind and reclaim the goods on restoring what he had received) applies equally to vendees who have been induced to purchase by fraud. If they desire to be entirely relieved from the con-

tract, they must rescind it, and restore or offer to restore the property purchased. .If they retain the property, they may, when sued for the price of it, recoup the damages arising from the fraud, or they may have an action for the damages."

Whether this action is merely for the deceit, or is brought to set aside the contract. and recover back the money loaned under it, the plaintiff was entitled to the order of arrest, and the defendant can only be relieved by establishing his defense upon a trial.

Order reversed.

[New York General Term, November 5, 1866. *Geo. G. Barnard, Clerke* and *Ingraham,* Justices.]