Merritt *v.* Heckscher.

CLERKE, J. concurred.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard* and *Clerke*, Justices.]

————•••————

## MERRITT *vs.* HECKSCHER.

Where, upon a motion to vacate an order of arrest, the facts constituting the cause of action, and authorizing the arrest, are not varied from the statement thereof in the complaint, the motion will be denied; unless there is a very decided preponderence of evidence in favor of the defendant, upon such motion, or unless the facts show clearly that the plaintiff has no cause of action. SUTHERLAND, J. dissented.

The questions brought before the court on such motion being issues in the cause, the jury alone—except in the instances mentioned—should pass upon them at the trial.

Merritt *v.* Heckscher.

APPEAL from an order made at a special term, vacating an order of arrest.

CLERKE, J. The following rule, if not invariably, has very generally, been recognized and approved. When the facts constituting the cause of action, and authorizing the arrest, are the same, a motion to vacate an order of arrest will be denied, unless there is a very decided preponderance of evidence of the defendant, upon the motion, or unless the facts show clearly that the plaintiff has no cause of action. The questions brought before the court on the motion, being issues in the cause, the jury alone, except in the instances mentioned, should pass upon them at the trial. This is the rule exemplified and adopted by Judge MARVIN in *Frost* v. *McCarger*, (14 *How. Pr.* 131,) and adopted by Judge INGRAHAM in *Ely* v. *Mumford*, (47 *Barb.* 629.)

In the case before us there is nothing to take it out of the rule. There certainly is no decided preponderance of evidence in favor of the defendants, nor does it show that the plaintiff has no cause of action. On the papers submitted there is a complete conflict of evidence ; and it would be impossible for a judge, from the affidavits of the respective parties, to come to a satisfactory conclusion. At the best he can only be guided by conjecture. The case is manifestly within the rule which I have quoted ; and the judge at special term should have so held.

The order should be reversed, but I think without costs.

LEONARD, J. concurred.

SUTHERLAND, J. dissented.

Order reversed.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Clerke* and *Sutherland,* Justices.]