### PETER E. TALLMAN *against* ETHAN WHITNEY.

In an action for deceit, where an order of arrest has been obtained on proof of the same facts as those alleged in the complaint, the order will not be vacated unless it is clear that on the trial the plaintiff must fail in his proof of the facts charged in his complaint.

In an action for deceit by defendant, in procuring plaintiff to purchase land from him upon representations that he had a good title and that no one else made any claim to it, the defendant moved to vacate the order of arrest on affidavits by which he admitted the representations and claimed that he had a good title. The evidence as to whether defendant's title was good was conflicting, but as it appeared that there was another claimant to the land, and that defendant had been aware of this fact but had not disclosed it to the plaintiff, the court held that it should be left to a jury to decide whether the representations were made with intent to deceive, and refused to vacate the order of arrest.

APPEAL from an order denying a motion to vacate an order of arrest granted on the verified complaint.

The action was brought to recover damages for deceit, and the plaintiff alleged that on October 27th, 1870, he was the owner of land in New Jersey, worth $3,000, and on that day gave a deed of it to defendant in exchange for a deed by defendant and wife, of certain lands in Missouri, which said deed contained a covenant by the defendant that at the time of the delivery of the deed he was lawfully seized of a good, absolute and indefeasible estate of inheritance in fee simple in the said premises, and had good right, full power and lawful authority to convey the same; that he was induced to make this exchange by the representations of the defendant that he had a good and perfect title to the said premises, and that no one else had any interest therein or made any claim thereto, and that they were free and clear from all encumbrances except the last year's taxes; that those representations were relied on by plaintiff when making the exchange, and were believed by him to be true; that they were in fact false and fraudulent when made; that the defendant then had no title to the property, and knew that he had none.

The defendant moved to vacate the order of arrest on his own affidavit, in which he did not deny that he had made the representations charged, but alleged that they were true, and that he had a good title to the Missouri lands, which he had purchased February 1st, 1870, for a valuable consideration, from one John Wood. He also produced the affidavit of Wood, who deposed that he (Wood) had purchased the lands in 1867 from one Case, and had caused the title to the land to be examined, and had found it to be perfect, except that it was encumbered by said taxes, and that on February 1st, 1870, he had deeded it to defendant for a valuable consideration.

The affidavit of one Van Derzee was also produced, who deposed that he had examined the records in Missouri as to the title of Wood, and believed that it was good.

In opposition to this the plaintiff produced the affidavit of one Cushing, who deposed that he was the the deputy clerk of Stone county, Missouri, in which the lands were situated. That the title of Wood and Whitney was founded on what was known as the "Old Spanish Grant," which had never been recognized by the United States Government, and according to the expressed opinion of the ablest lawyers. in Missouri, was worthless, and in that part of the county was regarded as a fraud. That in 1866, the land in question had been donated by the United States Government to the Atlantic and Pacific Railroad Company. That in the spring of 1870, defendant was in Stone county, and was told by Cushing that his title to the lands was worthless.

On these affidavits and the pleadings, the court at special term denied the motion to vacate the order of arrest.

Defendant appealed.

*Richard Marvin*, for appellant.

*Walsh, Halbert & Eckerson*, for respondent.

LARREMORE, J.—The covenant of seizin contained in defendant's deed created such an obligation on his part as to render him liable, for fraud or misrepresentation therein, to action and arrest.

Tallman v. Whitney.

Where, as in this case, the cause of action and the ground of arrest are identical, a bare denial of the facts constituting the alleged fraud, will not authorize a discharge of the arrest, unless it is evident that the action cannot be sustained (*Ely* v. *Mumford*, 47 Barb. 629; *Stuyvesant* v. *Bowran*, 3 Abb. Pr. N. S. 270; *Royal Ins. Co.* v. *Noble*, 5 Abb. Pr. N. S. 54).

The defendant has not denied the representations, but on the contrary avers their truth.

As to mere matters of opinion, he should not be made responsible, but for a voluntary misstatement of any material fact upon which the plaintiff relied, and by which he was misled, the defendant should be held liable.

It is admitted that he represented to plaintiff that no one else had any interest in the property; yet Cushing's affidavit shows that defendant previously knew of the claim of the Atlantic and Pacific R. R. Co., which fact he failed to disclose. Had he done so, plaintiff might have declined to purchase a litigation with the land.

Fraud consisting as well in the suppression of truth, as in the assertion of falsehood, it should be left for a jury to decide whether the representations in question were made with intent to deceive.

The order appealed from should be affirmed.

DALY, Ch. J., and J. F. DALY, J., concurred.

Order affirmed.