# SUPREME COURT.

GRISWOLD & PALMER agt. SWEET.

GRISWOLD agt. SWEET.

LA POINT agt. SWEET.

*Motion to vacate order of arrest.*

The court at special term, on motion to vacate an order of arrest, cannot try the case on affidavits. The rule is, that when the facts constituting the cause of action and those authorizing the arrest are identical, the evidence in favor of the defendant necessary to cause the court to vacate an order of arrest must be such as would oblige the judge, at the trial, either to nonsuit the plaintiff or to direct a verdict for the defendant.

In case of a conflict of proof the court should not undertake to determine the preponderance of evidence; that is for the jury on the trial. So soon as the point is reached requiring an examination of the merits of the action on conflicting evidence, the motion is without ground of support in so far as it is based on a denial by the defendant of the right of action.

Where a cause of action, as alleged in the complaint, is brought to recover damages for injuring real property (obstructing a water-course), an order of arrest against the defendant, under the second clause of subdivision 1 of section 179 of the Code, "for injuring or wrongfully taking, detaining or converting property," cannot be sustained.

Although the word "property" has been declared to include both real and personal (*Code*, § 464), yet it has been decided that this word, as used in subdivision 1, section 179, is limited in its application to personal property only.

The plaintiff cannot set up grounds for retaining the order of arrest not put forth as the original ground for the order. Especially so in this case, where these points are without any force.

An order of arrest under this section cannot be demanded as a matter of absolute right. The language of the section is permissive; the defendant may be arrested, as the officer, in his discretion, shall determine.

And this discretion may be reviewed on motion to vacate the order of arrest.

A clear case for arrest should be established in all cases before the order should go; and especially should this be so where the application is made after years of delay in making it, and after the cause has been partly tried. Motion to vacate granted.

*Saratoga Special Term, June* 29, 1875.

*Before Justice* BOCKES.

MOTION to vacate the order of arrest in each of these actions.

The actions were brought to recover damages against the defendant for obstructing a water-course, to plaintiffs' injury, and for an injunction. They were commenced and were put at issue by the service of an answer in each case in 1870. Subsequently, they were, by consent of parties, referred to a referee, to hear and determine; and several hearings were had before the referee, and many witnesses were examined before him by both parties. In this condition of the actions, and on the 17th April, 1875, application was made by the plaintiffs, *ex parte*, to a justice of this court, for an order of arrest in each case, and an order was granted, holding the defendant to bail in the sum of $300 in each action. The order was granted, in each case, on an affidavit stating a cause of action other than on contract, to wit, that the defendant had wrongfully and unlawfully obstructed a water-course, to plaintiffs' injury, as alleged in the complaints with some little elaboration of facts. But no other or special ground for the allowance of the orders was alleged.

Thereupon, and on numerous affidavits (about fifty in all) bearing on the merits of the actions, the defendant made this motion to vacate the orders of arrest.

In answer, on the merits, the plaintiffs read and relied on the averments of the complaints, and on four affidavits bearing on the issues presented by the pleadings, and also on the

proofs taken during the trial before the referee, which affidavits and proofs tended, as claimed by the plaintiffs, to support their alleged causes of action.

It was further stated, in the plaintiffs' answering affidavits, that the defendant had said that he intended to remove from this state to the state of California, and also, on information and belief, that he had sold and disposed of his property, and was engaged in no business.

The defendant was allowed to reply to these new statements; and he averred that he never had any intention to change his residence, and that he intended and expected to continue his residence in the town where he resided during his natural life; and that he was preparing to erect a grist-mill there, and expected to have it completed the ensuing fall.

On these facts, substantially above stated, the motion to vacate the orders was argued and submitted for decision.

*L. Varney*, for the motion.

*Pond & French*, opposed.

BOCKES, *J.* — I. Let it be admitted that the decision of this motion depends *solely* on the question of fact — that is, whether the plaintiffs have a right of action on facts to be established by proof — and the motion must fail. The actions cannot be heard and disposed of on the merits on a motion to vacate the orders of arrest. In a case where the complaint discloses a cause of action, supported by affidavits, for which cause the defendant might be arrested, and the proper officer has exercised a just discretion and granted the order, it must remain until the case is disposed of by trial and judgment; save, perhaps, in very extraordinary cases, where it should be made quite satisfactorily to appear that the action could not by possibility be supported by proof. As was said in *Gould* agt. *Sherman* (10 *Abbott*, 411, 412), the special term cannot, on motion to vacate the order, try the case on affidavits. The rule

is, that where the facts constituting the cause of action and those authorizing the arrest are identical, the evidence in favor of the defendant necessary to cause the court to vacate an order of arrest must be such as would oblige the judge at the trial either to nonsuit the plaintiff or to direct a verdict for the defendant (14 *How.*, 131; 34 *How.*, 51; 45 *How.*, 12; 34 *Barb.*, 20; 47 *Barb.*, 629; 50 *Barb.*, 451; 54 *Barb.*, 630; *Wait's Prac.*, vol. 1, 700, 702). In case of a conflict of proof the court should not undertake to determine the preponderance of evidence; that is for the jury on the trial. So here, the weight of evidence or preponderance of proof bearing on the cause of action cannot be considered. So soon as the point was reached requiring an examination of the merits of the actions on conflicting evidence, the motion was without ground of support, in so far as it was based on a denial by the defendant of the right of action. There are, however, other questions remaining to be considered.

II. The only proof before the officer on the allowance of the orders under review was this: That the action in each of the three cases was for the recovery of damages on a cause of action not arising out of contract. There was no proof that the defendant was a non-resident of the state, or that he was about to remove therefrom, or that he had removed or disposed of his property, or was about to do so, with fraudulent intent. Hence, the orders were not authorized by the first clause of subdivision 1 of section 179 of the Code, nor by subdivision 5 of that section. Then, were they authorized by the second clause of subdivision 1 of section 179? That clause authorizes the arrest of a defendant in an action not arising out of contract brought to recover damages "for injuring or for wrongfully taking, detaining or converting property." Now, these actions do not arise out of contract, and it is insisted that they are brought to recover damages "*for injuring* * * * *property.*" Let this be admitted, and they are brought to recover damages for injuring *real* property. Certainly they are not brought *for injuring per-*

*sonal property.* Now, while the word property has been declared to include both real and personal (*sec.* 464), yet it has been decided that this word, as used in subdivision 1 of section 179 is limited in its application to personal property only. It was so decided in the court of appeals in *Merritt* agt. *Carpenter* (3 *Keyes,* 142; *Same case,* 2 *Keyes,* 463; 33 *How.,* 428) reversing the decision of the supreme court (30 *Barb.,* 61) and overruling *Brush* agt. *Muller* (12 *Abbott,* 242) in so far as this point is concerned. Judge HUNT says, in delivering the opinion of the court in *Merritt* v. *Carpenter :* "The expression, injuring, taking, detaining and converting are all used in the same sentence, and apparently as applying to the same subject-matter. Three of these words, I have endeavored to show, are not applicable to real property, and if the fourth was so intended the use of the language was singularly unfortunate." The learned judge adds : "I think the words were all intended to be applied to personal property." Judge PECKHAM controverted these views in his dissenting opinion, but judges DAVIES, PORTER, WRIGHT and LEONARD agreed with judge HUNT and the decision of the supreme court at general term was reversed. Upon the authority of the decision in *Merritt* agt. *Carpenter,* Mr. Wait, in his *Practice (Wait's Prac., vol.* 1, 615), says : "The word 'property,' as used in the Code, includes property, real and personal (*Code, sec.* 404). But as the word is used in subdivision 1 of section 179 of the Code, its meaning is limited to personal property only." Now, the actions in the three cases before the court on this motion are not for injuring *personal property.* Hence, according to the decision in *Merritt* agt. *Carpenter,* there was no authority to hold the defendant to bail under the second and last clause of subdivision 1 of section 179. The orders were, therefore, improperly allowed.

III. The plaintiffs endeavor to sustain the orders on further and new affidavits, now read on this motion, on three grounds : *First.* That there has been great delay in the trial of the

cases. *Second.* That the defendant had stated that he intended to remove from the state. *Third.* That he was out of business and had disposed of his property. The orders were not asked for or obtained on either of these grounds, and it was held in *Cady* agt. *Edmonds* (12 *How.*, 107), that a plaintiff cannot set up grounds for retaining the order of arrest not put forth as the original ground for the order. However this may be, it is sufficient to say that these points are without force in this case. The great delay in the trial gave no cause for arrest. The plaintiffs had it in their power to secure a trial without unreasonable delay, if they would but exercise it, and the charge that the defendant intended to remove from the state is fully answered by his replying affidavit; nor do the facts stated show sufficient or any grounds on which to base a charge of a fraudulent disposition of defendant's property.

I am of the opinion that the orders were improvidently granted, and now stand without legal support.

IV. The granting or withholding of an order of arrest, under section 179, rests in the discretion of the officer to whom the application is made (15 *Abbott*, 122; 1 *Barb.*, 247; 42 *How.*, 201; 44 *How.*, 97). An order of arrest, under this section, cannot be demanded as a matter of absolute right. The language of the section is permissive.

The defendant *may* be arrested, as the officer in his discretion shall determine ( *Wait's Prac.*, *vol.* 1, 615). And this discretion may be reviewed on motion to vacate the order of arrest (42 *How.*, 201). Now waiving all other objections, and considering this case *de novo*, on the facts disclosed on this motion, would the granting of these orders now be held and deemed just and proper in the exercise of a fair and sound discretion? They are not sought, as is usual, at or about the time of the commencement of the actions. About five years have elapsed since the actions were put at issue. They were long since referred to a referee to hear and determine, and have been partially tried before him. Probably

Griswold agt. Sweet.

most of the evidence has been put in before the referee. Although some averments in the affidavits tend to show an intention on the part of the defendant to leave the state, and also a sale and disposition of his property, yet, considered in connection with his replying affidavit, and it cannot be said, I think, to be well established, that such intention exists, or that there has been any fraudulent disposition of his property. In looking over the case, as made on this motion, it must be held, I think, that no special ground is shown to exist, demanding or authorizing the defendant's arrest. It is not made to appear that the orders, if continued, would secure any right to the plaintiffs which they will not have without them. A clear case for arrest should be established in all cases before the order should go; and especially should this be so where the application is made after years of delay in making it, and after the case has been partly tried.

No ground for the orders was shown to exist on the granting of them, and no good reason is now shown for their continuance.

Motion granted.