EMMA B. BRUCE AND OTHERS, RESPONDENTS, *v.* JOSEPH KELLY AND OTHERS, APPELLANTS.

*Conspiracy — right of person defrauded to maintain action to recover damages — joinder of legal and equitable causes of action.*

Where one, who, by a conspiracy entered into by several persons, has been deprived of certain real estate, brings an action and obtains a judgment therein directing the cancellation of certain conveyances, and requiring the defendants to convey the property to him, and account for the rents and profits received by them, he may subsequently bring an action against certain of the said defendants to recover any damages sustained by him, in addition to those provided for in

the first judgment. The defendants may be held to bail in an action of this kind.

The law does not require that legal and equitable causes of action shall be united, even when they arise out of the same transaction, or are connected with the subject of the action. It is a privilege conferred upon the plaintiff, but whether he will avail himself of it or not, is left solely to his own election.

APPEAL from an order. denying a motion to vacate an order of arrest, or reduce the amount of bail.

*Luther R. Marsh*, for the appellants.

*Albert Stickney*, for the respondents. The first point of this alleged conspiracy, *i. e.*, the combination to have the property sold for much less than its true value, was a legal injury to the plaintiffs, for which an action would have lain against the sheriff. If there were a combination among several persons to have this illegal act done, an action would lie against the persons so combining. (*Jones* v. *Cassell*, 3 Johns. Cas., 29; *Rogers* v. *Brewster*, 5 Johns., 125; *Phillips* v. *Bacon*, 9 East, 303; *Neilson* v. *Neilson*, 5 Barb., 565; *Keightley* v. *Birch*, 3 Campb., 521; *Groff* v. *Jones*, 6 Wend., 522; *Crary* v. *Sprague*, 12 id., 41.) The cause of action would come under either par. 1 or par. 4, of section 179 of the Code. It can be deemed either an injury to property, or an action to recover damages for fraud or deceit. (*Moore* v. *Tracy*, 7 Wend., 229; *Swan* v. *Saddlemire*, 8 id., 676; *Topham* v. *Powers*, 2 Hall, 277.)

DANIELS, J.:

This action has been commenced to recover damages which the plaintiffs allege they have been subjected to by means of a fraudulent combination and conspiracy to divest them of their title to and interest in a piece of real estate situated in the city of New York. The defendants are charged as parties to the conspiracy; and, by means of it, the plaintiffs aver that the real estate was sold upon an execution issued to collect $98.13, the title conveyed and changed and incumbered, with the apparent design of putting it beyond their reach, before they had any knowledge of what had transpired. When that was ascertained, they at once commenced an action in the Superior Court of the city of New York, to have the convey-

ances annulled and the incumbrance removed, and for an account of the rents and profits of the property. It was brought against Joseph Kelly, Ellen L. Kelly, his wife, Emma Weeks, Joseph W. Frazier and Philip ———— ; and resulted in a judgment adjudging the conveyances and incumbrance fraudulent, directing a reconveyance of the property, and an accounting for the rents and profits.

An action was also commenced in this court to foreclose the mortgage by which the premises had been incumbered, and was defended by the plaintiffs. In that defense, and in the prosecution of their action for the recovery of the title to, and the possession of, the property, and a preceding suit in this court for a similar object, they allege that they were subjected to very great expense beyond the costs recovered by them, and have brought the present action against three of the defendants in the suit in the Superior Court, and Thomas ————, Wellington A. Carter, Cotton W. Bean and Alfred I. Works, as parties to the conspiracy and fraud, to recover the same as damages. It is claimed that nothing appeared from which the defendant Thomas ———— could be held liable in this action. But that is an evident mistake, for the affidavit made on behalf of the plaintiffs, and used on the application for the order of arrest, stated that in the action in the Superior Court, it was determined by the decree that the deeds and mortgage were made in collusion with him. He was also included in the general charge of the conspiracy made to defraud the plaintiffs, and no denial of that charge has been made by him. There was enough shown to sustain the conclusion, that he and the other defendants were all parties to the fraud, by means of which, under color of legal proceedings, the title to the property was fraudulently divested and conveyed to other persons.

The defendants all insist that an order to hold to bail is not authorized in an action of this description, and *Fassett* v. *Tallmadge* (23 How., 244) and *Merritt* v. *Carpenter* (3 Keyes, 142), are relied upon in suppport of the objection. The first merely held that the defendants were not liable to arrest on an execution issued against the person, in an action setting aside a conveyance as fraudulent at the suit of creditors; and the second, that the defendant was exempt from the like proceeding, in

an action brought to recover the possession of real estate. They are neither of them entitled to any weight in the decision of the present case. For, besides the fact that they are both inapplicable to it, the next year after the first was decided, it was expressly enacted that the defendant should be liable to arrest in actions brought to recover damages for fraud or deceit (Laws of 1863, p. 658); and this is an action of that description, for it is to recover damages for fraud that it has been commenced.

It has also been objected that the action in the Superior Court is a bar to the present suit, because the relief now applied for might have been obtained in that action. But from the mere circumstance that the plaintiffs might have included the present demand in the other action against the three persons then made defendants, who are also defendants in this case, it by no means follows that this action may not also be maintained against them and the four others sued with them at this time. There is very good reason for doubting the correctness of the objection made, that the relief now applied for would have been appropriate in the other case. For the purpose of entitling the plaintiffs to unite it with that cause of action it must have affected all the parties to it, and that is not shown to have been the fact as to two of the defendants in the other suit. (Code, § 167, sub. 7.) But the other action was very clearly one in equity, while the present is a simple action for damages at law; and if they could have been united, whether it should be done or not, was optional with the plaintiffs. The law does not require that legal and equitable causes of action shall be united, even where they arise out of the same transaction, or are connected with the subject of the action. It allows it simply, without requiring that it shall be done. (Code, § 167.) It is a privilege conferred upon the plaintiff, but whether he will avail himself of it is left solely to his own election. The present objection, therefore, is without the least legal support.

The order required the defendants to be held to bail in the sum of $15,000 each, and that is objected to as excessive. In the affidavit, on which it was in part made, the premises affected by the fraudulent acts of the defendants are stated to have been of the value of at least $13,000, worth an annual rent of $1,000. The sheriff's deed of them was executed in January, 1871, and the proper

reconveyances were adjudged in the plaintiffs' favor, in 1874, and made and filed before the 15th of February, 1875. The affidavit of one of the plaintiffs shows that over $10,000 were paid out in the prosecution and defense of the actions brought to annul the deeds and defend that brought to foreclose the mortgage. This statement has been neither contradicted nor involved in the least suspicion, and it was consequently sufficient for the order made upon it. The judgment directed an accounting for the rents in the Superior Court, but as long as it does not appear to have been had, or that satisfaction can be secured for them through its instrumentality, that circumstance should not be allowed to affect the amount of the order made for the defendants' arrest. Satisfaction in either case will be an end of all further proceedings; but until that may be obtained from some, or all the parties liable, the order of arrest should not be reduced.

The action commenced in 1871, in this court, for the same description of relief as was claimed and recovered in the Superior Court, seems to have been rendered inefficient by acts of the defendants not then known to the plaintiffs, and that suit, in substance, was abandoned when the second action was commenced. As the latter furnishes no proper answer to the plaintiffs' right to maintain the present suit for damages, that preceding suit, of course, could be attended with no such effect.

The action in the Superior Court was not brought to annul a fraudulent contract or conveyance executed voluntarily by the owners of the title to the property, where an election of one remedy will ordinarily deprive the plaintiffs of others brought to redress the same imposition; but its object was to recover back their title and possession, when both had been obtained by means of which they were ignorant, and that were in themselves positively wrong. Their acts or intervention were not induced nor secured, but their title was filched from them without their knowledge; and if annulling the transactions, with an accounting for the rents and profits, will not fully redress the injury sustained, the defendants have no legal right to complain if their misconduct has involved them in another action, rendered necessary to fully and completely recompense the loss produced by it. To what extent they may be so held, it is not now necessary to decide. It is suffi-

cient to sustain the order of arrest and the order appealed from, that they are supported by a reasonably fair case, as the papers disclose it, which has neither been denied nor avoided by the defendants.

The order should be affirmed, with ten dollars costs, besides disbursements.

DAVIS, P. J., concurred.

Ordered accordingly.