Obregon agt. De Mier.

## N. Y. COMMON PLEAS.

Jose A. Obregon and another agt. Juan C. De Mier.

*Arrest—complaint for money received in fiduciary capacity—Amendment of complaint—exoneration of bail—Code of Civil Procedure, sec. 601.*

A motion by the bail is the proper course, if they desire to be exonerated from liability under section 601 of the Code of Civil Procedure. ·

Whatever question arises upon the judgment or proceedings in the action, touching the liability of the bail, must necessarily be discussed and decided upon such a motion.

Defendant was held to bail, upon an order of arrest in this action, brought to recover moneys due from him which he had received in a fiduciary capacity. On the trial it appeared that defendant received from plaintiffs $12,000, American gold, for the purpose of purchasing silver for plaintiffs; plaintiffs subsequently countermanded the order for the purchase of silver, and drew their draft on defendant, at sixty days, for the $12,000 in gold, which draft was presented to defendant and accepted by him, and was outstanding and overdue and unpaid at the time this action was commenced.

*Held,* that the facts proved on the trial relieved defendant from liability as a fiduciary agent, leaving him responsible in *assumpsit* for the amount of the draft, either in an action upon the draft or otherwise. (*This is adverse to S. C., 52 How.,* 356).

*Special Term, January,* 1877.

Motion for exoneration of ·bail after judgment, by which it is claimed that defendant was discharged from the obligation to render himself amenable to process (*Code, sec.* 601).

J. Y. Daly, *J.* — A motion by the bail is the proper course, if they desire to be exonerated from liability under section 601 ( *Von Gerhard* agt. *Lighte,* 13 *Abb.,* 103 ; *Hayes* agt.

*Berryman,* 21 *How.,* 143; *Merritt* agt. *Thompson,* 1 *Hilt.,* 550). Whatever question arises upon the judgment or proceedings in the action, touching the liability of the bail, must necessarily therefore be discussed and decided upon such a motion.

Defendant was held to bail upon an order of arrest in this action, brought to recover moneys due from him which he had received in a fiduciary capacity. It is now claimed by the bail that by an amendment of the complaint, made on the trial by order of the court, the action was changed to one for money had and received, and judgment entered therefor, and not upon the original claim against defendant in a fiduciary character. The complaint and the affidavits for arrest set forth that defendant had received from plaintiffs $12,000 in gold, with which he was to purchase on their account fine silver; that the plaintiffs subsequently countermanded the order and required the return of the gold, which defendant refused or neglected to pay over or deliver. On the trial it appeared that defendant received from plaintiffs, through D. De Castro & Co., $12,000 American gold, for the purpose of purchasing silver for plaintiffs; that plaintiffs subsequently countermanded the order for the purchase of silver, and drew their draft on defendant at sixty days, and in favor of M. Vengohecha & Co., of Paris, for the $12,000 in gold, which draft was presented to defendant and accepted by him, and was outstanding, but overdue and unpaid, at the time this action was commenced. It was produced and offered to be surrendered at the trial. Upon a motion being made to dismiss the complaint, the court ordered the complaint to be amended so that it should allege all the facts as to the countermanding the order for the purchase of silver, the drawing and acceptance of the draft at sixty days for $12,000 in gold, and the presentation and non-payment of such draft. The complaint was amended by setting out such facts, and thereupon the judge presiding at the trial marked the draft as surrendered and canceled, and found all the facts as alleged,

giving judgment for plaintiffs for the full amount claimed. The learned judge regarded the facts proved on the trial as relieving the defendant from liability as a fiduciary agent, and leaving him responsible in *assumpsit* for the amount of the draft, either in an action upon the draft or otherwise. I agree in this view. The draft at sixty days on defendant in favor of a third party, intended the substitution of defendant's liability to such third party on the draft, for his liability or obligation to plaintiffs for the return of the gold with which he was originally intrusted, and defendant was not bound, without a further special agreement, to retain the fund as a special appropriation to meet that draft, nor to regard himself any longer as the agent of plaintiffs, or under any other obligation than that assumed by his acceptance. The time, sixty days, of the draft, confirms the conclusion that plaintiffs intended to rely upon defendant's ordinary credit and responsibility, and not to hold him to a personal trust as to the gold. At the time the draft was drawn the obligation of defendant to repay the gold with which he had been intrusted was absolute, yet plaintiffs, with knowledge of his present duty and liability, chose, for some reason best known to themselves, to waive performance of such duty, and to give him a credit of sixty days. The case is thus to be distinguished from *Kelly* agt. *Scripture* (9 *Hun*, 283), and many others where it is held that the giving of his acceptance by a factor against the proceeds of goods in his hands for sale for account of the drawer of the draft, does not alter the factor's liability as a fiduciary agent, which liability may be enforced by appropriate remedies in case of the non-payment of his acceptance. In such cases the obvious duty of the factor is to hold the proceeds of sales whenever made, to cover the previous acceptances; but it has not yet been held that, if the factor had the proceeds of sales in his hands ready to pay over, and the consignor, with knowledge of that fact, afterwards took his acceptance or note for the amount on time, he would not be discharged from his duty as a fiduciary agent.

Had the defendant in this case been called upon immediately for the return of the $12,000 in gold, and failed to respond, there is no doubt that the conversion would have been waived by the plaintiffs' thereafter taking his acceptance for the amount (*The Alliance Ins. Co.* agt. *Cleveland*, 14 *How.*, 408; *Merchants' Bank* agt. *Dwight*, 13 id., 370; *Nelson* agt. *Blanchfield*, 54 *Barb.*, 630). Is his position worse because he had not converted the gold to his own use before accepting the sixty days draft? I think not. On the contrary, plaintiffs, having elected to treat the defendant as an ordinary debtor by taking his acceptance and inducing him to believe that they did not require the return of the specific fund intrusted to him, are estopped from exacting of him the original liability.

The motion should be granted and the bail exonerated. Ten dollars costs.