FOLLANSBEE C. WELCH, RESPONDENT, *v.* GEORGE W. WINTERBURN, APPELLANT.

*Order of arrest — may be granted in an action for injury to real property — Code of Civil Procedure, § 549, sub. 2.*

The word "property," as used in sub. 2 of section 549 of the Code of Civil Procedure, which authorizes the granting of orders of arrest in actions "to recover damages * * for an injury to property, including the wrongful taking, detention, or conversion of personal property," includes an injury to real as

well as personal property, and an order of arrest may be granted in an action of trespass brought under section 4 of 2 Revised Statutes, 338, to recover damages for a forcible ejectment.

Where the cause of action set forth in the complaint and the ground of arrest are the same, the controversy should be left to an investigation at a regular trial, and should not be decided upon conflicting affidavits on a motion to vacate the order of arrest.

*Merritt* v. *Carpenter* (3 Keyes, 142) distinguished.

APPEAL from an order denying a motion to vacate an order of arrest.

This was an action of trespass brought to recover damages for a forcible ejectment and detainer, under section 4 of 2 Revised Statutes, page 338, which provides as follows, viz. :

" § 4. If any person be disseized, ejected, or put out of any lands or tenements in a forcible manner, or being put out, be afterward holden and kept out by force, or with strong hand, he shall be entitled to maintain an action of trespass, and shall recover therein treble the damages assessed by the jury or by a justice of the peace, in cases provided by law."

*C. Bainbridge Smith*, for the appellant.

*Daniel G. Thompson*, for the respondent.

INGALLS, P. J.:

The decision of this appeal depends, in our judgment, upon the construction which is to be given to subdivision 2 of section 549 of the Code of Civil Procedure, which provides, so far as it affects this appeal, as follows: " 2. To recover damages for an injury to property, including the wrongful taking, detention, or conversion of personal property." It is contended by the appellant that this provision relates only to personal property, and in support of such position relies upon a construction which was given by the Court of Appeals to section 179 of the Code of Procedure, which is reported in *Merritt* v. *Carpenter* (3 Keyes, 142), which last mentioned section, so far as it relates to the question we are considering, is as follows: " Or for injuring or for wrongfully taking, detaining, or converting property." There is a material difference in the phraseology employed in framing the two sec-

tions; and we think that change was intentional to avoid the construction given to section 179 in the case referred to. The words, "*and injury to property,*" standing alone, would include real as well as personal property. The words immediately following, "including the wrongful taking, detention, or conversion of personal property," do not have the effect to restrict the meaning of the words, "an injury to property," but rather, to my mind, confirm the impression that the intention was to embrace *real* property; else why are the words, "personal property," introduced in the connection they occupy in that portion of section 549? The note of the codifiers upon that section seems to confirm the view we have expressed. We perceive no reason why such provision of the Code should not embrace real property as well as personal, and conclude that such was the intention of the legislature in framing the statute.

Upon the merits, the facts are sufficient to sustain the order of arrest; and as the cause of action and ground of arrest are the same, the controversy should be left to an investigation at a regular trial, where the rights of the parties can be ascertained and adjusted more satisfactorily than upon affidavits in which the statements are conflicting. (*Frost* v. *McCarger*, 14 How., 131; *Stuyvesant* v. *Bowran*, 34 id., 51; *Nelson* v. *Blanchfield*, 54 Barb., 630). The order should be affirmed, but without costs, as the question is new.

POTTER, J., concurred.

Order affirmed, without costs.